IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK LOTO, ET AL., § <br> PLAINTIFFS, § <br> § <br> v. § <br> § <br> PINGORA LOAN SERVICING, LLC § <br> DEFENDANT. § | CASE NO. 3:18-cv-2644-M-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Chief District Judge Lynn's *Standing Order of Reference*, Doc. 8, this case has been referred to the undersigned magistrate judge for pretrial management. Before the Court is *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support,* Doc. 6. For the reasons that follow, the motion should be **GRANTED IN PART**.

I. BACKGROUND

This dispute, originally filed in state court, stems from an attempt to foreclose on the real property and improvements at 3806 Lariat Lane, Sacshe, Dallas County, Texas, 75048 (the "Property"). Doc. 4 at 2. On the basis of diversity jurisdiction, Defendant removed the case to this Court in October 2018. Doc. 1 at 2. Shortly thereafter, Plaintiffs filed their *First Amended Complaint*, Doc. 4, asserting claims for breach of contract, quiet title, and violations of the Texas Fair Debt Collection Practice Act ("TDCA") and Real Estate Settlement Practices Act ("RESPA"), as well as seeking declaratory relief. Doc. 4 at 4-7. Defendant now moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 6.

## II. LEGAL STANDARD

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the factual allegations do not provide reasonable grounds to support the plaintiff's claim for relief. *Bell Atl. Comp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a defendant's motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Id.*

## III. PARTIES' ARGUMENTS AND ANALYSIS [1]

Defendant argues Plaintiffs' quiet title claim should be dismissed because (1) there has been no foreclosure, thus, Plaintiffs are still the record title holders to the Property, and (2) "Plaintiffs make no allegations regarding the superiority or strength of their title to the Property." Doc. 6 at 6. In opposition, Plaintiffs argue their quiet title action is proper because Defendant "is not an entity in existence," and as such, it "may not enforce the terms" of the deed of trust that it allegedly obtained by assignment. Doc. 12 at 6-7; Doc. 4 at 2.

In a suit to quiet title, a plaintiff must allege "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Summers v. PennyMac Corp.*, No. 3:12-CV-01235, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012) (Lindsay, J.) (citation omitted). In such a case, a plaintiff "must recover on the strength of its own title, and not the

---

[1] In its reply, Defendant states that Plaintiffs' breach of contract claim is best suited for summary judgment. Doc. 14 at 2. Moreover, in their response, Plaintiffs withdraw their claim under RESPA. Doc. 14 at 1-2. As such, those claims are not addressed here.

weakness of its adversary's." *Saddle Blanket 1316 Land Trust v. Bank of New York Mellon*, No. 4:15-CV-401-A, 2015 WL 7736239, at *3 (N.D. Tex. Nov. 30, 2015) (McBryde, J.).

In their *First Amended Complaint*, Plaintiffs allege, in relevant part, that (1) they purchased the Property, (2) at the time of purchase, they executed a deed of trust in favor of Envoy Mortgage Company, (3) Defendant claims ownership of the deed of trust by virtue of an assignment, (4) Plaintiffs believe Defendant is a non-existent entity, and (5) Defendant, as a non-existent entity, may not hold an interest in real estate, including an interest in a deed of trust. Doc. 4 at 2, 5.

Plaintiffs, however, do not allege in the *First Amended Complaint* that their interest in the Property is superior to that of the Defendant's or otherwise rely on the strength of their own title. Nor do Plaintiffs argue so in their response. *See* Doc. 12 at 4 (Plaintiff's response arguing that "when an instrument of conveyance is made in favor of a non-existent entity it is void," but not asserting an argument based on the strength of Plaintiff's own title). As a result, this claim should be dismissed. *See Summers*, 2012 WL 5944943, at *3 (dismissing quiet title claim upon a defendant's 12(b)(6) motion to dismiss because the plaintiffs did not "allege facts which, if proved, would establish their superior title," where the plaintiffs asserted they owned the subject property and argued that the defendants "lack[ed] authority to enforce the Note at issue").

Defendant next argues Plaintiffs' claim under the TDCA should be dismissed because (1) Plaintiffs' allegations lack factual basis, and (2) Defendant's "alleged misconduct does not constitute a violation of the TDCA." Doc. 6 at 8. Plaintiffs respond that their allegations are sufficient because they alleged Defendant "sought to collect money not expressly authorized by the loan agreement" and "wrongfully threat[ened] to foreclose Plaintiff's home should Plaintiff refuse to pay the unauthorized, unjustified charges." Doc. 12 at 7.

3

In their *First Amended Complaint* Plaintiffs claim that Defendant violated section 392.303(a) of the TDCA, which prohibits a debt collector from using "unfair or unconscionable means that employ [specific prohibited] practices" during debt collection.  Tex. Fin. Code Ann. § 392.303(a).  Here, however, Plaintiffs do "not identify a specific provision of [section] 392.303(a)" that Defendant allegedly violated.  *Gipson v. Deustche Bank Nat. Trust Co.,* No. 3:13–CV–4820–L, 2015 WL 2069583, at *7 (N.D. Tex. May 4, 2015) (Ramirez, J.), adopted 2015 WL 2069583 (Lindsay, J.).  "This failure alone warrants dismissal of any claims under [392.303(a)]" *Id.*

Moreover, Plaintiffs' reliance on *Henderson v. Wells Fargo Bank, N.A.*, 974 F.Supp. 2d 993 (N.D. Tex. 2013) is unavailing.  In that case, the plaintiff alleged that the defendant violated TDCA sections 392.303 and 392.304 because it: (1) wrongfully refused Plaintiff's choice of insurance and forcibly placed homeowner's insurance on the property and charged the cost of that insurance to an escrow advance account, (2) did not correct the escrow account even when provided proof of insurance, and (3) threatened to foreclose on the property despite the inaccuracy of the escrow advances.  *Henderson*, No. 3:12-3935-L, Document 38 at 9-10.  The Court found the defendant was "entitled to dismissal of Henderson's [TDCA] claim, except to the extent that it pertain[ed] to allegedly misleading statements and improper attempts to collect fees or charges resulting from its refusal of Henderson's choice of insurance and placement of insurance on Henderson's escrow account." *Henderson*, 974 F.Supp. 2d at 1010.

Here, Plaintiffs have not detailed allegations remotely close to those advanced in *Henderson* but instead claim vaguely that Defendant "sought to collect money not expressly authorized by the loan" and "wrongfully threatened to foreclose Plaintiff's home should Plaintiff

4

refuse to pay the unauthorized, unjustified charges." Doc. 4 at 5-6. These allegations are conclusory and lack factual enhancement, and *Henderson* is of no avail to Plaintiff.

Plaintiffs contend that Defendant overcharged for escrow payments but have not stated facts that would establish that Defendant's actions were unconscionable. Specifically, Plaintiffs' have not pleaded any facts that support their assertion that the escrow payment was not authorized, as they have alleged. At best, they argue that Defendant's property tax estimate was out of line with "the current data and reasonable estimates," as was required under the deed of trust.[2] Doc. 12 at 3. However, they wholly fail to allege any factual support for such assertion. Moreover, to the extent that Plaintiffs suggest that Defendant's threatened foreclosure on the property constituted unconscionable behavior, as Defendant correctly notes, "attempting to foreclose pursuant to a deed of trust is not unconscionable, fraudulent, deceptive, or misleading." Doc. 6 at 9 (citing *Gipson*, 2015 WL 2069583 at *7). Logically, neither is threatening foreclosure for non-payment. *Cf. Wildy v. Wells Fargo Bank, N.A.*, 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) (Stickney, J.) ("[F]oreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage").

Finally, to the extent Defendant seeks dismissal of Plaintiffs' "request for injunctive relief," the Court notes that Plaintiffs have not moved for such relief. *See generally* Doc. 4. Thus, Defendant's motion is moot in that regard.

---

[2] Plaintiffs' allege in their *First Amended Complaint* that the "projected"/"estimated" escrow payment at the time of loan origination was $314.52 per month. Doc. 4 at 3. But in their response, they assert without explanation that the monthly escrow payment was "fixed" at that amount. Doc. 12 at 1.

5

## IV. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support*, Doc. 6 should be **GRANTED IN PART**, and Plaintiff's quiet title and TDCA claims should be **DISMISSED WITH PREJUDICE**.  As such, only Plaintiffs' breach of contract claim will remain pending, *see supra* note 1.

**SO RECOMMENDED** on June 21, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).